**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Electro Tech Corp., | ) | No. 09-CV-8232-PCT-PGR |
| Plaintiff | ) ) | **SCHEDULING ORDER** |
| v. | ) ) | |
| Flintco, Inc., Fidelity & Deposit Co. of Maryland, and Federal Insurance Co., | ) ) | |
| Defendants. | ) ) ) | |

A Scheduling Conference having been held before this Court on Monday, March 29, 2010,

IT IS ORDERED that:

(1) Motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings, and motions to join additional parties shall be filed no later than **Friday April 30, 2010.**[1]

(3) Parties shall exchange their respective initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file a notice of such exchange, no later than **Friday, March 26, 2010.** The parties

---

[1] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion unnecessary.

Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, and **is NOT to be used as a means of communicating with Chambers' staff.**

asserting claims for relief shall disclose their expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **Wednesday, July 7, 2010.** The parties resisting claims for relief shall disclose their expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **Friday, August 27, 2010.** Rebuttal experts and their reports, if any, shall be disclosed no later than **Friday, September 24, 2010.** Expert witness depositions shall be completed by **Friday, October 29, 2010**.

(4) All discovery, including answers to interrogatories, shall be completed by **Friday, October 29, 2010.** and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery-related motions unless the parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(5) All dispositive motions shall be filed by **Friday, November 26, 2010.**

(6) A Joint Pretrial Statement shall be filed by **Friday, December 17, 2010** If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later. The content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties. The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3). It shall be the responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiff shall

submit its draft of the Joint Pretrial Statement to the defendants no later than **ten business days** prior to the date for filing the Joint Pretrial Statement.

(7) Motions in limine shall be filed no later than the date of filing of the Joint Pretrial Statement. Responses to motions in limine are due ten business days after service. **No replies are permitted.** The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference. <u>No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter</u>.

(8) The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if pro per, shall appear and participate in a final Pretrial Conference on **Monday, January 10, 2011, at 11:00 a.m.** in Courtroom 601 of the Sandra Day O'Connor Courthouse in Phoenix, Arizona. Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference. If dispositive motions are filed, the Court will continue the date of the Pretrial Conference, if one is still necessary, until after the resolution of such motions and the filing of a Joint Pretrial Statement.

(9) Unless otherwise ordered by the Court, the parties' trial briefs, proposed jury instructions and proposed voir dire questions shall be filed no later than **Wednesday January 12, 2011**, **no later than 2:00 p.m.**[2]

(10) Unless otherwise ordered by the Court, the trial of this action shall commence on **Tuesday, January 25, 2011**, at **9:00 a.m., in the U.S. Post Office and Courthouse, Second Floor, 101 W. Goodwin Street, Prescott, Arizona.**

(11) <u>The parties are cautioned that the deadlines set in this Scheduling Order shall be enforced, and that the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown</u>.

DATED this 5th day of April, 2010.

Paul G. Rosenblatt
United States District Judge

---

[2] The trial brief shall raise all significant disputed issues of law and fact, including foreseeable procedural and evidentiary issues, and shall set forth the party's positions thereon with supporting arguments and authorities.

A form with instructions regarding the marking, listing and custody of exhibits, and a form with instructions regarding the submission of jury instructions, shall be given to counsel at the Pretrial Conference.